## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| **LV PETROLEUM, LLC, a Nevada Limited Liability Company;** | ) ) ) | |
| **Plaintiff,** | ) ) ) | **CIVIL ACTION NO.:** |
| **v.** | ) ) ) | _____ |
| **TYSON PETROLEUM CONTRACTORS, LLC, A Florida Limited Liability Company;** | ) ) ) ) ) ) ) | **Jury Demanded** |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW, a LV Petroleum, LLC, a Nevada Limited Liability Company (hereinafter "LVP") and pursuant to 28 U.S.C. § 1332, hereby files this civil action against Tyson Petroleum Contractors, LLC, a Florida Limited Liability Company (hereinafter "Tyson") in the United States District Court for the Southern District of Alabama, Mobile Division.  In support of its claims, LVP states as follows:

## I.  FACTUAL BACKGROUND

1.      This matter arises out of the conduct of, and work performed by, Tyson at the Oasis Travel Center located in Baldwin County, Alabama ("Oasis Project").

2.      The subject property, known as Oasis Travel Center (27801 CR-64

Robertsdale, AL 36567) was purchased by LVP on March 6, 2025.

3.    In April / May of 2025, LVP requested a "proposal" prepared by Tyson based on representations that Tyson was a subject matter expert for the type of work LVP needed to complete.

4.    Tyson represented it was licensed to perform the work in the State of Alabama, and that it could complete the work on the schedule needed by LVP to begin operations well in advance of refinancing its initial temporary loan for the property.

5.    LVP is based in Las Vegas, Nevada and relied on Tyson to use its purported expertise in completing the project in a manner consistent with good construction practice, code regulations, and Alabama law.

6.    Tyson was involved in a prior fueling station refurbishment for LVP in Alabama that was overseen by a general contractor.

7.    In the case of the Oasis Project, Tyson conveyed to LVP it could complete the work on the Oasis Project on its own.

8.    On its website, Tyson touts itself as being subject matter experts for construction of fueling stations, and providing that service in Alabama:

> Tyson Petroleum Contractors is committed to serving Florida, Georgia & Alabama communities with top-quality fueling solutions. With years of experience, we understand the importance of having a dependable partner in the fueling industry and we strive to be that partner. Our services ensure every gas station and fueling system we work on is built to last and performs flawlessly.

At Tyson Petroleum Contractors, we don't just build fueling systems; we build relationships based on trust, quality, and unparalleled service. Our dedication to excellence is constant, and our team is always ready to go the extra mile to ensure your fueling needs are met with the highest safety and efficiency standards.

https://www.tysonpetro.com/

9.      Tyson identifies themselves as "Professional contractors" and "trusted partners" who "stay updated with the construction codes and ensure all work is compliant.":

Fueling System Construction in Alabama

Fuel system construction doesn't leave room for error. Faulty systems can be dangerous. So, you need experts who can handle the fuel system construction project efficiently. It requires intricate planning and adherence to safety regulations and industry standards. A specialized contractor brings expertise in designing, building, and maintaining fuel systems.

Professional fuel systems construction services bring a level of efficiency and expertise that is hard to match. Their expertise is a result of years of experience in the field. This expertise is invaluable in complex projects such as these. Also, their experience enables them to anticipate and solve issues that might not be obvious to an untrained eye, ensuring the fuel system construction project is completed without major setbacks.

Quality workmanship is about more than the ultimate appearance of the project. It is about the longevity and integrity of the construction. Professional fuel system construction services take pride in their craftsmanship, paying attention to even the smallest details. They make sure that every aspect of the construction project is completed to the highest standards. This not only leads to a superior end product but also reduces the need for repairs in the future.

Professional contractors are adept at efficiently navigating the intricate network of construction regulations. They stay updated with the construction codes and ensure all work is compliant. Moreover, fuel systems construction requires many heavy tools and equipment. Professional contractors have access to these high-quality equipment and tools to use for the construction of the fuel system.

Tyson Petroleum Contractors is a distinguished leader when it comes to fuel system construction services in Alabama. We provide unparalleled expertise and take pride in providing solutions that meet the highest standards of professionalism. Our professionals are committed to excellence in each of the fuel system construction. We can be your trusted partner and ensure your fuel system is built to last.

https://www.tysonpetro.com/fueling-system-construction-alabama

10.    Imploring fuel vendors like LVP to "Hire Us!" Tyson billed themselves as "Best and Top Rated Fueling System Construction in Alabama":

**Hire Us! Best and Top Rated Fueling System Construction in Alabama**

At Tyson Petroleum Contractors, we are adept at building fuel systems that stand the test of time. We have an expert team to manage every aspect of the project, ensuring quality results and timely completion. Our commitment to excellence is reflected in the detailed approach we undertake for each fuel system construction project. While working on the project, we make sure to strictly follow all the safety standards. (**larger font and bold in original**).

https://www.tysonpetro.com/fueling-system-construction-alabama

11.    Tyson represented that it could complete the work for LVP on the Oasis Project, drew up a scope of work, and provided a proposal to LVP that is dated May 3, 2025.

12.    Based on these representations, LVP asked Tyson to move forward with providing a construction schedule, and to proceed with permitting the project in May 2025.

13.    Because of the scope and price of the work, Tyson either knew, or should have known it was illegal to perform general contractor work in the State of Alabama.

14.    Work began shortly thereafter, prior to the proposal being signed by LVP.

15.    In May 2025, LVP paid Tyson $434,104.80 in start-up costs without signing the proposal; it has paid an aggregate of $758,634.80 to Tyson for the Oasis Project.

16.    The work undertaken by Tyson has been beset by poor workmanship, neglect, lack of oversight, and untimely delays.

17.    Tyson's deficiencies have included, but are not limited to: improper sediment management – resulting from neglect or negligent oversight; problems managing trash / construction waste; poor workmanship of the footers; failure to document work for sign-off from inspectors; lack of oversight and failure to pay subcontractors; failure to create a construction schedule; failure to perform, manage, or coordinate the construction schedule that was eventually created by LPV; and the failure to maintain even the inadequate subcontractor license required to perform

commercial work in the State of Alabama (expired and not renewed in July 2025).

18.     After a few months, it became clear that Tyson was far behind schedule and LVP began to worry about meeting deadlines associated with its initial loan on the property.

19.     Concerned about the quality of workmanship, unpaid subcontractors, and significant delays, LVP began inquiries about the quality of the work and asked Tyson to provide documentation of progress, permits, and insurance.

20.     As construction of the fuel canopy began, Tyson represented to LVP that the footings had been properly cleared of debris and were ready for inspection.

21.     When LVP requested documentation or inspection approvals to support that representation, Tyson failed to provide any such proof yet continued to assure LVP that the footings were compliant.

22.     Tyson's response to these inquiries was to delay and mislead LVP, either though factual omissions or direct misrepresentation related to the progress of the project, permitting, for the project, payment to subcontractors, and licensing to perform the work.

23.     LVP was misled by negligent or fraudulent acts and omissions related to whether Tyson was licensed to perform work as a general contractor in the state of Alabama.

24.     The project failed site inspections because of Tyson's failure to control

sediment runoff and manage trash.

25.     Tyson failed to manage or arrange for payment for the work performed by third parties it hired as part of the project.

26.     Because Tyson is not a licensed general contractor in Alabama, and because of the scope of the Oasis Project, Tyson could enter into a directly contract with LVP related the scope of work presented by Tyson in its proposal. See, Ala. Code §§ 34-8-1 through 34-8-10.

27.     Further, upon information and belief, Tyson allowed its Alabama subcontractors license to expire without renewal in July 2025 - as it was in the initial stages of the Oasis Project and after its first invoice of $434,104.80.

28.     The State Licensing Board for General Contractors ("the Board") began its investigation into Tyson's licensure status in the first half of November 2025.

29.     Tyson invoiced LVP for an additional $512,106.25 after the Board initiated its investigation.

30.     The Board enjoined work on the Oasis Project via cease-and-desist order on November 21, 2025.

31.     Once the Board notified LVP that the work performed by Tyson violated Alabama law, LVP ordered Tyson to leave the jobsite with a warning that returning would invite trespass charges.

32.     In contravention of LVP's demand, Tyson returned to the site,

constituting a trespass, and removed property that is rightfully owned by LVP.

33.     The cease-and-desist Order from the Board has created unreasonable delay in a project that was already delayed by Tyson's negligent work and management of the project.

34.     With a non-operational truck stop, LVP is losing daily fuel revenue at range between $15,000.00 and $20,000.00 per day, directly related to Tyson's conduct.

35.     The delay is ongoing but is responsible for no less than 30 days lost revenue from the acts and omissions of Tyson, an amount that exceeds $500,000.00 and counting.

36.     LVP has, and will, pay in excess of $75,000 to correct work improperly completed by Tyson.

37.     Additional expenses include the start-up and retention of a contractor that is legally licensed to perform the work on the Oasis Project.

## II.  <u>DIVERSITY JURISDICTION</u>

38.     This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

39.     The events giving rise to this civil action arise in Baldwin County, Alabama – within the Southern District Court – Mobile Division.

### A. There Is Complete Diversity of Citizenship Between the Parties

40.    This action involves "citizens of different states." 28 U.S.C. § 1332(a)(1).

41.    Plaintiff LVP is a Nevada Limited Liability Company with its principal place of business in Las Vegas, Nevada.

42.    The sole member of LVP is Lissette Amiel, a citizen of the State of Nevada.

43.    Defendant Tyson is a Florida Limited Liability Company with its principal place of business in Tallahassee, Florida.

44.    The members of Tyson are Marcus Tyson and Hunter Tyson, both citizens of the State of Florida.

45.    None of the members of the respective LLCs are citizens of the same state. *See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (holding that for purposes of assessing diversity of citizenship, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens" and "a limited liability company is a citizen of any state in which a member of the company is a citizen.").

46.    Original jurisdiction exists over LVP's claims as a citizen of Nevada, in a dispute with defendant that is citizen of Florida.

47.    There is nothing in evidence or known to undersigned counsel to

suggest there is a lack of diversity between parties.

48.     Accordingly, there is complete diversity among the Plaintiff and all named Defendants in this matter.

**B.     The Amount-In-Controversy Requirement is Satisfied**

49.     The amount in controversy in this action exceeds the $75,000.00 jurisdictional threshold. 28 U.S.C. § 1332(a).

50.     Tyson's proposed scope of work had stated estimate of $1,510,524.00.

51.     Tyson has been paid $758,634.80 for the Oasis Project, some of which is for work that has not yet been completed, or requires material revisions, believed to be more than $100,000.00.

52.     The delay costs resulting from negligent work, and inadequate licensing, are believed to be greater than $500,000.00, and accruing.

53.     The losses accruing from the acts and omissions of Tyson significantly exceed $75,000.00 and are increasing as its deficiencies are addressed by LVP in real time.

54.     The fraud and wantonness allegations, further invites the possibility of punitive damages which themselves would exceed the jurisdictional threshold for 28 U.S.C. § 1332(a).

**C.     Personal Jurisdiction of Defendant**

55.     Tyson's misrepresentations and work performed all involved the

improvement of real property located in Baldwin County, Alabama.

56.    Tyson has registered as a foreign LLC doing business in Alabama through the Secretary of State.

57.    As noted in the factual allegations above, Tyson advertises itself as doing business in the State of Alabama - so distinguished as to be "Top Rated."

58.    This Court has personal jurisdiction over Tyson for the claims raised in this matter.

## III. CAUSES OF ACTION

### Count One – Negligence

59.    LVP readopts and alleges paragraphs 1 to 58 as stated above.

60.    Tyson negligently performed its work on the Oasis Project.

61.    Breaches of its duties include its failure to perform work conforming to the scope of the project, failure to manage the project in a manner that conforms with its requirements, acts and omissions resulting in permits being delayed, and negligent oversight of third parties retained to work on the Oasis Project.

62.    As a proximate result of Tyson's negligence, LVP has been damaged by incurring additional costs, lost income, refinancing charges, and other valuable consideration.

WHEREFORE, LVP demands judgment against Tyson for negligence and for all such compensatory damages as would fully and fairly compensate LVP, plus

interest, costs, and any such further relief to which LVP may be entitled.

Count Two – Negligent Misrepresentation

63.    LVP readopts and alleges paragraphs 1 to 62 as stated above.

64.    Tyson negligently misrepresented its licensure status to LVP.

65.    The misrepresentation involving the lack of an adequate license (and eventually an expired and inadequate license) was made either: willfully to deceive, recklessly, without knowledge, or mistakenly.

66.    LVP justifiably relied on Tyson, given its circumstances as the subject matter expert and contractor for the project

67.    LVP has suffered significant financial loss as a proximate consequence.

WHEREFORE, LVP demands judgment against Tyson for negligent misrepresentation and for all such compensatory damages as would fully and fairly compensate LVP, plus interest, costs, and any such further relief to which LVP may be entitled.

Count Three – Wantonness

68.    LVP readopts and alleges paragraphs 1 to 67 as stated above.

69.    Tyson wantonly performed its work on the Oasis Project.

70.    Tyson knew or reasonably should have known that its conduct was likely to cause financial injury to LVP.

71.    This conduct includes the active failure to manage the project in a

manner conforming to its requirements, neglect - resulting in permits being delayed and non-existent oversight of third parties retained to work on the Oasis Project.

72.    As a proximate result of Tyson's wantonness, LVP has been damaged by incurring additional costs, lost income, refinancing charges, and other valuable consideration.

WHEREFORE, LVP demands judgment against Tyson for wantonness and for all such compensatory damages and punitive damages as would fully and fairly compensate LVP, plus interest, costs, and any such further relief to which LVP may be entitled.

Count Four – Fraud / Fraudulent Concealment

73.    LVP readopts and alleges paragraphs 1 to 72 as stated above.

74.    Tyson had a duty to disclose a material fact: that it was not a licensed general contractor in Alabama and could not undertake the Oasis Project unless done so under the supervision of a licensed general contractor.

75.    Further, Tyson represented that the footings had been properly cleared and were inspection-ready, while failing to disclose that it lacked documentation or approvals to substantiate that representation.

76.    Tyson concealed or failed to disclose this material fact.

77.    Tyson's concealment or failure to disclose the material fact induced the plaintiff to pay Tyson / refrain from hiring a legal and licensed contractor, prior to

the cease-and-desist order.

78.    LVP suffered actual damage as a proximate result.

WHEREFORE, LVP demands judgment against Tyson for Fraudulent Concealment and for all such compensatory damages and punitive damages as would fully and fairly compensate LVP, plus interest, costs, and any such further relief to which LVP may be entitled.

<u>Count Five – Unjust Enrichment</u>

79.    LVP readopts and alleges paragraphs 1 to 78 as stated above.

80.    Between May 2025 and November 2025, LVP paid Tyson for work it was unlicensed and/or unqualified to perform

81.    Despite the cease-and-desist order, and LVP ordering Tyson not to re-enter the jobsite, Tyson returned to the site taking equipment, some of which rightfully belongs to LVP.

82.    Tyson has been unjustly enriched by being paid for work, and taking property, without lawfully rendering services to LVP.

WHEREFORE, LVP demands judgment against Tyson and for all such compensatory damages as would fully and fairly compensate LVP, plus interest, costs, and any such further relief to which LVP may be entitled.

<u>Count Six – Conversion</u>

83.    LVP readopts and alleges paragraphs 1 to 82 as stated above.

84.    Tyson converted to its own use at project funds and property for which it was not entitled under law.

WHEREFORE, LVP demands judgment against Tyson (1) for all such compensatory damages as would fully and fairly compensate the LVP for its losses and damages, and (2) for all such punitive damages as allowable by law, plus interest, costs, and such further relief to which LVP may be entitled.

## Count Seven – Breach of Contract

85.    LVP readopts and alleges paragraphs 1 to 84 as stated above.

87.    Through lack of a license, negligent / wanton workmanship, negligent / wanton supervision and oversight, and the failure to complete the project as promised, Tyson breached its agreement with LVP.

88.    Engaging in a contract that it knew or should have known did not comply with the laws governing subcontractors is evidence that Tyson entered into the agreement in bad faith.

WHEREFORE, LVP demands judgment against Tyson and for all such compensatory damages as would fully and fairly compensate LVP, plus interest, costs, and any such further relief to which LVP may be entitled.

## Count Eight – Equitable Recission

89.    LVP readopts and alleges paragraphs 1 to 88 as stated above.

90.    Because Tyson engaged in fraudulent or negligent misrepresentation

regarding its licensure status, LVP is entitled to equitable rescission and recovery of monies paid to Tyson.

WHEREFORE, LVP demands judgment against Tyson and for all such compensatory damages as would fully and fairly compensate LVP, plus interest, costs, and any such further relief to which LVP may be entitled.

Count Nine – Trespass

91.    LVP readopts and alleges paragraphs 1 to 90 as stated above.

92.    Following the entry of the cease-and-desist and being ordered off the premises of the Oasis Project, Tyson unlawfully and improperly entered the jobsite taking property and causing damage to LVP.

WHEREFORE, LVP demands judgment against Tyson (1) for all such compensatory damages as would fully and fairly compensate the LVP for its losses and damages, and (2) for all such punitive damages as allowable by law, plus interest, costs, and such further relief to which LVP may be entitled.

## IV. **PRAYER FOR RELIEF – JURY DEMAND**

WHEREFORE, premises considered, LVP respectfully requests this Honorable Court grant the following relief, following trial by a struck jury:

(a) Award of compensatory damages as deemed appropriate by a jury;

(b) Award of punitive damages as deemed appropriate by a jury;

(c) Award for all damages, costs, fees, and attorney fees provided for under

Law;

(d) Award such other and further relief as this Court may deem just, proper,

and equitable.

Respectfully submitted this 23rd day of January 2026.

Respectfully submitted,

/s/ *Joseph L. Kerr, Jr.*
Joseph L. Kerr, Jr. (ASB-1675-O68K)
Carmen Paige (ASB-9024-T52I)
Counsel for Defendant
LV Petroleum, LLC

OF COUNSEL:
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
jkerr@friedman-lawyers.com
cpaige@friedman-lawyers.com
P 205.278.7000 | F 205.278.7001

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused a copy of the foregoing Compliant to be electronically filed and issued to counsel via electronic mail or CM/ECF notification on this date, with service through the Clerk via certified mail at the address below: January 23, 2026.

*/s/ Joseph L. Kerr, Jr.*
OF COUNSEL

Tyson Petroleum Contractors LLC
c/o Alabama Registered Agent LLC
212 W. Troy Street. Suite B
Dothan, AL 36303

and via Certified Mail to:

Tyson Petroleum Contractors LLC
1525 Capital Circle NW Suite 5
TALLAHASSEE, FL 32303

And copy to:

Tyson Petroleum Contractors LLC
PO BOX 180730
TALLAHASSEE, FL 32318